FILED

1  MARK PACHOWICZ  (SBN 138108)
2  *mark@pachowicz.com*
   LANNY M. TRON  (SBN 135339)
3  *lannytron@tronlaw.com*
   Law Offices of Mark Pachowicz, APLC
4  771 Daily Drive, Suite 230
   Camarillo, CA 93010
5  Tel: (805) 987-4975
6  Fax: (805) 987-4980

7

8  Attorneys for Plaintiff
   MELODIE KLEIMAN
9

2012 JUL 11 PM 3: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODIE KLEIMAN, individually; | CASE NO. CV12-5979 (SHx) |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| vs. | **1. VIOLATION OF 42 U.S.C. § 1983 - CIVIL RIGHTS;** |
| COUNTY OF VENTURA, a municipal corporation; | **2. VIOLATION OF 42 U.S.C. § 1983 - POLICY, CUSTOM AND PRACTICE;** |
| VENTURA COUNTY SHERIFF'S OFFICE, a public entity; | **3. VIOLATION OF 42 U.S.C. § 1983 - SUPERVISORY LIABILITY;** |
| GEOFF DEAN, individually and in his capacity as Sheriff of the Ventura County Sheriff's Office; | **4. BATTERY;** |
| HARRY LAUBACHER, individually and in his capacity as a Deputy Sheriff of the Ventura County Sheriff's Office; | **5. NEGLIGENCE;** |
| P. RODRIGUEZ, individually and in his capacity as a Deputy Sheriff of the Ventura County Sheriff's Office; and | **6. VIOLATION OF ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT / RECKLESS CUSTODIAL NEGLECT** (*Welfare & Institution Code §§ 15600, et seq.*); and |
| DOES 1 through 50, inclusive, | **7. NEGLIGENCE PER SE (VIOLATION OF ELDER ABUSE AND ADULT DEPENDENT CIVIL PROTECTION ACT** (*Welfare & Institution Code §§ 15600 et seq.*) |
| Defendants | **DEMAND FOR JURY TRIAL** |

Law Office of
the Pachowicz, APLC
1 Daily Dr, Ste. 230,
Camarillo, CA 93012
Tel. (805) 987-4975

COMPLAINT                                    CASE NO.:

Plaintiff Melodie Kleiman complains of defendants County Of Ventura, Ventura County Sheriff's Office, Geoff Dean, Harry Laubacher, P. Rodriguez, and Does 1 through 50, inclusive, as follows:

## NATURE OF THE ACTION

1.      Melodie Kleiman, a 67 year-old petite woman was beaten and tormented by Ventura County deputy sheriffs Harry Laubacher and P Rodriguez on the evening of July 21, 2011, when Mrs. Kleiman was being wrongfully evicted from her home. Mrs. Kleiman, a former Ventura County Chief Assistant County Counsel, was unarmed and presented no threat to anyone. This action is brought by Mrs. Kleiman seeking recovery for the harms and losses she suffered as a result of the deputies' violations of Title 42 U.S.C. §§1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution and the general laws of the United States and of the State of California. By bringing this action, Mrs. Kleiman also seeks to improve the Ventura County Sheriff's Office's unlawful policies and practices so that no other citizen will have to suffer the same injuries and damages she has had to suffer.

## JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988.  State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1367  as the acts complained of in this complaint occurred in Ventura County, State of California, within the boundaries of the Central District of California.

## PARTIES

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR. STE. 330.
CAMARILLO, CA  93010
TEL. (805) 987-4975

COMPLAINT                                              CASE NO:

4.     Plaintiff Melodie Kleiman ("KLEIMAN") was, at all times relevant herein, over the age of sixty-five years and a resident of the City of Ventura, County of Ventura, State of California.

5.     At all times relevant herein, defendant County of Ventura ("COUNTY") was a public entity and a municipal corporation, duly organized and existing under and by virtue of the laws of the State of California with the capacity to sue and be sued.  Defendant COUNTY was responsible for the hiring, training, and supervising of the conduct, policies and practices of its employees and agents of the COUNTY, and its sheriff's office, and all of its members, agents and employees.

6.     At all times relevant herein, the Ventura County Sheriff's Office ("VCSO") was a public entity, duly organized and existing under and by virtue of the laws of the State of California with the capacity to sue and be sued in the United States District Courts for alleged civil rights violations, alleged violations of the United States Constitution, and alleged violations of federal and state law. The VCSO operates as a public entity under the laws of the State of California as a public entity pursuant to California Evidence Code  Section 200 and California Government Code Section 811.2 and as such has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

7.     At all times relevant herein, the VCSO and its command officers, including the Sheriff of the VCSO, Geoff Dean, are responsible for carrying out the hiring, training, probation, ensuring the qualifications of and periodically reviewing the conduct and performance of its deputies, peace officers and supervisors. The VCSO the VCSO and its command officers, including the Sheriff of the VCSO, Geoff Dean, are further responsible for the review of information and for the implementation of departmental procedures that carry out the VCSO's policy with respect to the use of force, and investigation of allegations of

misconduct brought against its deputies and peace officers, whether on-duty or off-duty, in uniform or not, and whether in the course and scope of their employment or not.

8.    At all times relevant herein, defendant Sheriff Geoff Dean, ("SHERIFF DEAN") was elected to be the Sheriff of the VCSO.  In conjunction with said employment, SHERIFF DEAN was delegated with the authority and responsibility of carrying out the training, supervisory, and disciplinary functions of the VCSO, and was responsible for establishing and implementing departmental policy with respect to the use of force, and investigation of allegations of misconduct brought against its deputies and peace officers. At all times relevant herein, SHERIFF DEAN was acting in the course and scope of his employment and under color of law.

9.    Plaintiffs are informed, believe and based thereon allege that at all times material herein, defendant Harry Laubacher ("LAUBACHER") was a deputy sheriff of the VCSO.  LAUBACHER was a duly appointed deputy sheriff and peace officer, employed as such, by the defendants COUNTY and VCSO, and at the time of the acts hereinafter complained of, defendant LAUBACHER was acting in the course and scope of such employment and acting under color of law.

10.    Plaintiffs are informed, believe and based thereon allege that at all times material herein, defendant P. Rodriguez ("RODRIGUEZ") was a deputy sheriff of the VCSO. RODRIGUEZ was a duly appointed deputy sheriff and peace officer, employed as such, by the defendants COUNTY and VCSO, and at the time of the acts hereinafter complained of, defendant RODRIGUEZ was acting in the course and scope of such employment and acting under color of law.

11.    At all relevant times herein, Defendants SHERIFF DEAN, LAUBACHER, RODRIGUEZ, and DOES 1 through 50, were residents of the County of Ventura, State of California, and were peace officers, deputy sheriffs,

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR. STE. 130.
CAMARILLO, CA 93010
TEL. (805) 987-4975

-4-

COMPLAINT                                                          CASE NO:

1  sergeants, captains, lieutenants, detectives, commanders, and/or civilian employee
2  agents, policy makers and representatives of COUNTY and VCSO, agents and
3  representatives of said Defendants.
4
5       12.    At  all  times  relevant  hereto,  Defendants  SHERIFF  DEAN,
6  LAUBACHER, RODRIGUEZ, and DOES 1 through 50, and each of them, were
7  acting within the course and scope of their employment which was incidental to
8  defendants COUNTY and VCSO's enterprise, as sheriffs, deputy sheriffs, peace
9  officers, sergeants, captains, lieutenants, commanders, and/or civilian employees,
10  policy makers and representatives of COUNTY and VCSO, and the wrongful acts
11  described herein flow from the very exercise of their authority. They are sued in
12  their individual and personal capacity.
13      13.    On information and belief, at all times relevant herein, each of the
14  defendants was the agent, employee or authorized representative of each of the
15  other defendants and was acting within the course and scope of such agency or
16  employment  or  other  relationship  and  with  the  consent  and  permission  of  the
17  remaining defendants, who ratified and adopted all such actions. Each defendant,
18  when acting as a principal, was negligent in the selection and hiring of each other
19  defendant as agent or employee.
20      14.    At all material times relevant to the facts alleged herein, defendant
21  officers and each of them, including Defendants SHERIFF DEAN, LAUBACHER,
22  RODRIGUEZ,  and  DOES  1  through  50,  caused  and  are  responsible  for  the
23  unlawful  conduct  and  resulting  by,  *inter alia*,  personally  participating  in  the
24  conduct, or acting jointly and in concert with others who did so; by authorizing,
25  acquiescing  or  failing  to  take  action  to  prevent  the  unlawful  conduct;  by
26  promulgating policies and procedures pursuant to which the unlawful conduct
27  occurred;  by  failing  and  refusing,  with  deliberate  indifference  to  plaintiff

28

Law Office Of
Carl Pachowicz, APLC
771 Daily Dr, Ste. 330,
Camarillo, CA  93010
Tel. (805) 987-4975

COMPLAINT                                        CASE NO:

1
2    KLEIMAN to prevent the unlawful conduct; and by ratifying the unlawful conduct
3    that occurred by agents under their direction and control.

4        15.    The true names and capacities of DOES 1 through 50, inclusive, are
5    unknown to plaintiff who therefore sues such defendants by fictitious names.
6    Plaintiff is informed and believes, and thereon alleges, that on the basis of that
7    information and belief, each of those defendants were in some manner negligently
8    and legally responsible for the events and happenings alleged in this complaint and
9    for plaintiff KLEIMAN's injuries and damages.  Plaintiff will seek leave to amend
10   this Complaint to set forth the true names and capacities of such defendants when
11   their true names and capacities have been ascertained.

12       16.    The reason Plaintiff is  ignorant of the true names and capacities of
13   Defendants sued herein as DOES 1 through 50, inclusive, is that same have been
14   unascertainable as of the date of filing of the instant Complaint, as many of these
15   DOES may be sheriffs, deputy sheriffs, peace officers, police officers and/or
16   civilian employee agents, policy makers and representatives of Defendants
17   COUNTY and VCSO and as such their identity and many of their records are
18   protected by state statute and can only reasonably be ascertained through the
19   discovery process.

## PRELIMINARY ALLEGATIONS

20
21       17.    This action is brought under Title 42 U.S.C. §§1983, 1988, and
22   pursuant to the Fourth and Fourteenth Amendments of the United States
23   Constitution and the general laws of the United States and of the State of
24   California. Plaintiff alleges she was arrested, seized, searched and detained without
25   probable cause as well as assaulted and battered with excessive force. Plaintiff
26   further alleges that Defendants intimidated and threatened Plaintiff. Plaintiff
27   further alleges that Defendants conspired to (1) intimidate and threaten Plaintiff,
28   and (2) suppress and falsify evidence.  Plaintiff further alleges that Defendants

Law Office Of
Lane Pacwowitz, APLC
371 Daily Dr, Ste. 130.
Camarillo, CA  93011
Tel. (805) 987-4575

-6-

COMPLAINT                                                    CASE NO:

wrote police reports containing materially false descriptions of Plaintiff's actions in an attempt to obtain the prosecution of Plaintiff for crimes with the intent to obstruct Plaintiff's access to justice.

18.     At all times relevant to the facts alleged herein defendants COUNTY and VCSO's sheriffs, deputy sheriffs, police officers and each of them, including SHERIFF DEAN, LAUBACHER, RODRIGUEZ and DOES 1 through 50 caused and are responsible for the unlawful conduct and resulting damages by, *inter alia,* personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff, to prevent the unlawful conduct; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each defendant individually, jointly and severally.

## FACTUAL ALLEGATIONS

19.     Plaintiff KLEIMAN graduated from Stanford Law School and was admitted to practice by the State Bar of California in 1972. Following twelve years of corporate and general practice, she served as the Chief Assistant County Counsel for the County of Ventura, California, for more than ten years.

20.     On July 22, 2011, plaintiff KLEIMAN was inside her residence at 355 LaSalle Avenue in the City of Ventura, County of Ventura. For months plaintiff KLEIMAN had been fighting an unlawful foreclosure and unlawful eviction notice in federal and state court. Fearing an improper eviction from her residence plaintiff KLEIMAN summoned a City of Ventura Police Department officer to her residence.

21.   Later in the day on July 22, 2011, a number of deputy sheriffs from defendant VCSO, including defendants LAUBACHER and RODRIGUEZ, arrived at plaintiff KLEIMAN's residence to evict her.

22.   During the eviction process, plaintiff KLEIMAN permitted the deputy sheriffs from defendant VCSO into her residence while she waited outside. After some time had passed, plaintiff KLEIMAN asked defendants LAUBACHER and RODRIGUEZ if she could re-enter her resident to retrieve her purse and keys. Defendants LAUBACHER and RODRIGUEZ responded with a resounding "no." Defendant LAUBACHER advised plaintiff KLEIMAN that the purse and keys were no longer hers. Plaintiff KLEIMAN responded that *was ridiculous.* Defendant LAUBACHER then ordered plaintiff KLEIMAN to sit in a chair that was on the driveway area outside of the residence. Plaintiff KLEIMAN and she sat down. Plaintiff KLEIMAN also told defendant LAUBACHER that she had an AV shunt in her right arm.

23.   Remarkably, despite her compliance, defendant RODRIGUEZ proceeded to handcuff plaintiff KLEIMAN. Plaintiff KLEIMAN complained loudly that the handcuffs were too tight. Defendant RODRIGUEZ smirked and made then tighter. Thereafter, defendant LAUBACHER asked plaintiff KLEIMAN in which arm she had the AV shunt. Then, without any justification, defendant LAUBACHER grabbed and twisted plaintiff KLEIMAN's left arm so severely that it caused a spiral fracture in the humerus bone in her upper left arm. Plaintiff KLEIMAN's arm was bleeding and she was crying for help but defendants LAUBACHER and RODRIGUEZ offered none. Eventually, another deputy sheriff from the VCSO removed the handcuffs and summoned an ambulance. Plaintiff KLEIMAN was taken to Ventura County Medical Center and treated for her injuries. Plaintiff KLEIMAN was then unlawfully and without probable cause cited

COMPLAINT                                           CASE NO:

1   for violating Penal Code section 148 and required to go to Court and face a

2   possible prosecution.

3       24.   The actions of defendants LAUBACHER, RODRIGUEZ and DOES 1

4   through 50 were taken pursuant to the policies and practices of defendants

5   COUNTY and  VCSO. Such policies and practices, include, but are not limited to

6   (1) the use of excessive and unreasonable force by a sheriff or deputy sheriff; (2)

7   the use of force by a sheriff or deputy sheriff in encounters with civilians when it is

8   a grossly disproportionate response to a situation, and even when no reasonable

9   basis exists for any use of force whatsoever, as in this case;  (3) covering up the

10  excessive use of force covering in various ways, including, but not limited to,

11  searching and seizing and detaining civilians and falsely describing events, and (4)

12  citing or arresting an individual, who has been the subject of excessive force, for a

13  violation of Penal Code section 148. .

14      25.   Despite their knowledge of these illegal policies and practices, the

15  supervisory and policy-making defendants, including defendant SHERIFF DEAN,

16  COUNTY and VCSO, have maliciously and with deliberate indifference taken no

17  effective steps to terminate the policies and practices; have not effectively

18  disciplined or otherwise properly supervised the officers who engage in the

19  unlawful policies and practices; have not effectively trained defendant VCSO

20  sheriffs  and deputy sheriffs with regard to the proper constitutional and statutory

21  limits of the exercise of their authority; and have sanctioned the unlawful policies

22  and practices through their deliberate or grossly negligent indifference to their

23  detrimental effect on the constitutional rights of local  residents.

24      26.   Knowing of civil rights abuses by defendant VCSO's deputy sheriffs

25  LAUBACHER, RODRIGUEZ and DOES 1 through 50, defendant SHERIFF

26  DEAN, and his staff sought to cover up and ratify the acts publicly, failed to

27  remedy those systemic violations knowingly and with deliberate indifference, and

28

LAW OFFICE OF
LARS FACHINGER, APLC
771 DAILY DR, STE. 230,
CAMARILLO, CA  93011
TEL. (805) 987-4975

COMPLAINT                                                    CASE NO:

promulgated policies on the use of force by officers that deliberately repudiated the constitutional rights of Ventura County residents. The acts, omissions, and policies of defendant SHERIFF DEAN, COUNTY and the VCSO were moving forces for plaintiff KLEIMAN's injuries and her arrest.

27.     As the direct and proximate result of the acts, omissions, policies, and practices of the defendants alleged herein, plaintiff has suffered substantial physical and  emotional pain and suffering, shock and injury to his nervous systems, humiliation, extreme and severe mental anguish, acute anxiety, emotional and physical distress, and fear and depression, all to his damage and detriment.

28.     The conduct of the individually named defendants was willful, wanton, malicious, oppressive, and in bad faith. The defendants also acted with reckless or callous disregard for the rights of plaintiff and intentionally violated state and federal law. Plaintiff KLEIMAN is thus entitled to an award of punitive damages against each of the individual defendants.

29.     Pursuant to California *Government Code* § 910, on or about January 20, 2010, Plaintiff, in writing, duly presented a Claim for Damages to defendant COUNTY, VCSO, SHERRIFF DEAN, LAUBACHER, RODRIGUEZ and DOES 1 through 50.  Said Claim was rejected on January 13, 2012 and this Complaint is being timely filed thereafter.

## FIRST CLAIM FOR RELIEF BY PLAINTIFF MELODIE KLEIMAN FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS LAUBACHER, RODRIGUEZ and DOES 1 through 50

30.     Plaintiff KLEIMAN realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this Cause of Action.

31.     This action arises within Title 42 of the United States Code, §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States

-10-

LAW OFFICE OF
JASS PACHOWICZ, APLC
771 DAILY DR, STE. 250,
CAMARILLO, CA  93011
TEL. (805) 987-4975

Constitution, and common law principles. Plaintiff Melodie Kleiman was subjected to deprivation of rights by defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50; acting or pretending to act under color of law and of statutes, ordinances, regulations and customs and usages of the laws of United States, and the State of California, which rights included, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States, particularly:

(1)     Plaintiff's right to be free from excessive and unreasonable force and unlawful search and seizure in violation of her rights protected under the Fourth Amendment;

(2)     Plaintiff's right to be free from excessive force in violation of her rights protected under the Fourth Amendment;

(3)     Plaintiff's right to be free from a conspiracy to suppress and/or falsify evidence of the events that gave rise to her action as so protected under the Fourth and Fourteenth Amendments. The conspiracy to suppress and/or falsify the evidence was part of the custom of the code of silence by the defendants to delay, hinder and obstruct Plaintiff's constitutional right to access to courts and justice;

(4)     False arrest without probable cause.

32.     Defendants' wrongful conduct caused deprivations of Plaintiff KLEIMAN's rights, and caused Plaintiff's injuries and damages as set forth above. The wrongful conduct of defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 legally caused Plaintiff KLEIMAN's general and special damages as allowable pursuant to federal law in an amount according to proof.

33.     As a result of defendants' wrongful conduct, Plaintiff KLEIMAN has suffered, and continues to suffer harms, losses, damages, pain and suffering, loss of

LAW OFFICE OF
SAM PADUCHIGH, APLC
371 DAILY DR, STE. 350.
CAMARILLO, CA  93010
TEL. (805) 987-4973

COMPLAINT                                                              CASE NO:

liberty and deprivation of constitutional rights in an amount not yet ascertained but to be proven.

34.     By reason of the Defendants' wrongful conduct, Plaintiff was required to retain an attorney to defend herself against the baseless criminal charges and to institute and prosecute the within action and to render legal assistance to the Plaintiff so that she might vindicate the loss and impairment of her constitutional rights. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorneys' fees and costs according to proof.

35.     The conduct of defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 was motivated by evil motive or intent and involved reckless or callous indifference to the federally protected rights of plaintiff KLEIMAN.  As a result, punitive damages should be assessed against these individual Defendants.

## SECOND CLAIM FOR RELIEF BY PLAINTIFF MELODIE KLEIMAN
## FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST
## DEFENDANTS COUNTY OF VENTURA, VENTURA COUNTY
## SHERIFF'S OFFICE, and DOES 1 through 50
## (POLICIES, CUSTOMS and PRACTICES)

36.     Plaintiff KLEIMAN realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this Cause of Action.

37.     On or before July 21, 2011, defendants County Of Ventura ("COUNTY") and the Ventura County Sheriff's Office ("VCSO") were public entities and municipal corporations, duly organized and existing under and by virtue of the laws of the State of California. These defendants, through their policymakers, deprived Plaintiff KLEIMAN of her rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments  under the United States Constitution against excessive use of force, by maintaining and enforcing

-12-

LAW OFFICE OF
&AMB PACHOWICZ, APLC
771 DAILY DR, STE. 230,
CAMARILLO, CA 93010
TEL. (805) 987-4975

1
2
3
4
5

customs, policies and practices of (1) hiring and retaining personnel who are predisposed to deny individuals their constitutional rights and (2) permitting, condoning, and ratifying constitutional violations by their agents, employees and representatives.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

38.     Plaintiff is informed and believes and thereon alleges that defendants COUNTY, VCSO and DOES 1 through 50, knew, or in the exercise of reasonable care, should have known, of a history, propensity and pattern, prior to the time of Plaintiff's severe injuries, of VCSO deputy sheriffs and employees, including defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, (1) using excessive force by deputy sheriffs, (2) using unreasonable police tactics by deputy sheriffs, which lead to the unnecessary and unreasonable use of excessive force, (3) using unreasonable police tactics by deputy sheriffs to intimidate witnesses regarding police officer's use of excessive force, or (4) to arrest or cite, without probable cause, victims of excessive force for violations of Penal Code section 148, or  (5) using unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents. Defendants COUNTY and VCSO knew, or in the exercise of reasonable care, should have known that VCSO deputy sheriffs and employees, including defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, were responsible for using unjustified force during a

21
22

detention, arrest, search or seizure and falsely claiming that the force was justified because the suspect was aggressive.

23
24
25

39.     Plaintiff is informed and believes and thereupon alleges that defendants were the subject of prior complaints of similar conduct under color of law.

26
27
28

40.     Notwithstanding this information and history of defendant VCSO's deputy sheriffs and employees, including but not limited to defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, defendants COUNTY and

-13-

VCSO, failed to properly screen and hired persons who were psychologically unfit for duty, who suppressed and/or falsified evidence after an use of excessive force, intimidated witnesses, used unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force, used unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents. The failure to discipline the individual officers for their unconstitutional conduct and for violation of defendant VCSO's policy against unjustified use of force and falsifying facts and evidence in an investigation is a ratification of the wrongful conduct.

41.     Defendants COUNTY and VCSO, have a custom or practice which rejects and ignores the prior misconduct of its employees  As a result this custom, practice or policy results in the retention of defendant VCSO  deputy sheriffs and employees   such as defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, who have a propensity to use excessive force, falsify evidence and violate defendant VCSO's policy as to investigations of use of force incidents. This practice and policy condones, ratifies, promotes and perpetuates the VCSO's employees' misconduct and a code of silence and was a moving force in the violations of Plaintiff's constitutional rights.

42.     Defendants' customs, practices, or policies were a moving force and legal cause of Plaintiff's injuries, and each individual defendant acting in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as plaintiff KLEIMAN. Plaintiff also alleges the conduct of each defendant caused her to suffer grievous harm, pain and suffering, and cruel and unusual punishment.

43.     As a proximate cause of the conduct of Defendants and Doe defendants, as described above, Plaintiff suffered damages and injuries as set forth above and incorporated herein.

-14-

LAW OFFICE OF
GARY PACHOWICZ, APLC
771 DAILY DR, STE. 130.
CAMARILLO, CA  93011
TEL. (805) 987-4973

44.     By reason of the Defendants' wrongful conduct, Plaintiff was required to retain an attorney to defend herself against the baseless criminal charges and to institute and prosecute the within action and to render legal assistance to the Plaintiff so that she might vindicate the loss and impairment of her constitutional rights. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorneys' fees and costs according to proof.

///
///
///
///
///
///
///

**THIRD CLAIM FOR RELIEF BY PLAINTIFF MELODIE KLEIMAN**

**FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS**

**SHERIFF DEAN, VENTURA COUNTY SHERIFF'S OFFICE,**

**and DOES 1 through 50**

**(SUPERVISORY LIABILITY)**

45.     Plaintiff KLEIMAN realleges and incorporates herein by reference all paragraphs set forth in this complaint, as though fully set forth in this Cause of Action.

46.     On or before July 22, 2011, defendants SHERIFF DEAN, VENTURA COUNTY SHERIFF'S OFFICE ("VCSO") and DOES 1 through 50 failed to properly train, assign, supervise, and guide the VCSO's deputy sheriffs and employees, especially, defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 as to the proper use of force, not falsifying evidence, and complying with VCSO policy as to investigations of use of force incidents.

Law Office of
LANE PACKOWSKI, APLC
771 DAILY DR, STE. 130.
CAMARILLO, CA 93013
TEL. (805) 987-4975

COMPLAINT                                                CASE NO:

47.     On or before July 22, 2011, and for some time prior thereto and since that time, defendants SHERIFF DEAN, VCSO and DOES 1 through 50 have either participated in, or known of, or should have known of, their subordinates excessive use of force, witness intimidation, suppression of evidence, falsification of evidence, and noncompliance with VCSO policy as to investigations of use of force incidents.

48.     At all times herein mentioned, and prior thereto, defendants SHERIFF DEAN, VCSO and DOES 1 through 50, had the duty:

a.     To train, supervise, instruct, and ensure compliance with all Peace Officer Standards and Training requirements, the VCSO deputy sheriffs and employees, especially, defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 as to the proper use of force, detention or lawful search and seizure or necessities to arrest an individual, not suppressing evidence, not falsifying evidence, not intimidating witnesses, and complying with VCSO policy as to investigations of use of force incidents;

b.     To objectively investigate the excessive use of force, cruel and unusual punishment; or the incident of injuries during a detention, arrest or search; or the failure to provide timely medical care and attention to individuals who were injured by VCSO deputy sheriffs and employees and resulted in serious injury;

c.     To impose discipline for prior and ongoing violations and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights to individuals encountered by VCSO deputy sheriffs and

-16-

LAW OFFICE OF
4ARK PACHOWICZ, APLC
371 DAILY DR, STE. 130.
CAMARILLO, CA  93010
TEL. (805) 987-4975

employees; by not condoning, ratifying, and/or encouraging the violation of County of Ventura residents, such as Plaintiff KLEIMAN.

49.   Defendants SHERIFF DEAN, VCSO and DOES 1 through 50, breached said duties by:

a.   Failing to train, supervise, instruct and ensure compliance with all Peace Officer Standards and Training requirements, the VCSO deputy sheriffs and employees, especially, defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 as to the proper use of force, detention or lawful search and seizure or necessities to arrest an individual, not suppressing evidence, not falsifying evidence, not intimidating witnesses, and complying with VCSO policy as to investigations of use of force incidents;

b.   Failing to objectively investigate the excessive use of force, cruel and unusual punishment; witness intimidation, or the incident of injuries during a detention, arrest or search;

c.   Failing to impose discipline for prior and ongoing violations and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights to individuals encountered by VCSO deputy sheriffs and employees, by not condoning, ratifying, and/or encouraging the violation of the rights of County of Ventura residents, such as Plaintiff KLEIMAN.

50.   As a result of the lack of said accountability measures, there was a ratification of numerous violations of constitutional rights of Plaintiff by defendants SHERIFF DEAN, VCSO and DOES 1 through 50.

Law Offices Of
&ABE Panoowton, APLC
751 Daily Dr, Ste. 150.
CAMARILLO, CA  93011
TEL. (805) 987-4975

COMPLAINT                                                          CASE NO:

57.   In doing the acts herein alleged, defendants LAUBACHER, RODRIGUEZ and individual DOES 1 through 50 acted with malice and oppression, and ill will toward Plaintiff when they intentionally battered her. Plaintiff is therefore entitled to exemplary damages in an amount sufficient to deter Defendants from engaging in such conduct again.

### FIFTH CLAIM FOR RELIEF BY PLAINTIFF MELODIE KLEIMAN
### FOR NEGLIGENCE AGAINST DEFENDANTS LAUBACHER,
### RODRIGUEZ and DOES 1 through 50

58.   Plaintiff KLEIMAN realleges and incorporates herein by reference all paragraphs in this complaint, as though fully set forth in this Cause of Action.

59.   On or about July 22, 2011, and at all times mentioned herein, Plaintiff KLEIMAN was subjected to the use of unnecessary and excessive force, unlawful search and seizure, unlawful detention and arrest by defendants LAUBACHER, RODRIGUEZ and individual DOES 1 through 50.  Each Defendant was negligent in the performance of the duties and tactics of a peace officer and/or deputy sheriff and this negligence caused Plaintiff's injuries. Defendants had a duty to comply with such duties and failed to comply with their above stated tactics and duties of a peace officer and deputy sheriff.  Defendants' conduct was, at all times mentioned herein, below the standard of care for reasonable deputy sheriffs and peace officers, and this breach of duty and negligence caused the injuries and damages alleged herein.

60.   The Defendants were negligent, and as a result of their actions, Plaintiff has suffered a tremendous loss as well as the damages as set forth above and incorporated herein by reference, according to California law.

61.   As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, Plaintiff was injured and he has

COMPLAINT                                                          CASE NO:

Law Office Of
Gary Prochowitz, APLC
771 Daily Dr, Ste. 130,
Camarillo, CA  93011
Tel. (805) 987-4975

suffered the damages as alleged and set forth above and incorporated herein by reference and his losses entitle him to damages according to California law.

## SIXTH CLAIM FOR RELIEF BY PLAINTIFF MELODIE KLEIMAN FOR VIOLATION OF THE ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT / RECKLESS CUSTODIAL NEGLECT
### *(Welfare & Institution Code §§ 15600, et seq)* AGAINST ALL DEFENDANTS and DOES 1 through 50

62.     Plaintiff KLEIMAN realleges and incorporates herein by reference all paragraphs in this complaint, as though fully set forth in this Cause of Action.

### A. Duty

63.     Defendants COUNTY and VCSO, as the employers of defendant LAUBACHER, RODRIGUEZ and DOES 1 through 50, had a duty to exercise ordinary care in the hiring, training, instructing, and supervising their employees so that these employees would conduct themselves in the course and scope of their employment in a reasonable and safe manner.

64.     Defendants COUNTY and VCSO had a duty to the citizens of the County of Ventura to exercise ordinary care in the hiring, training, instructing, and supervising their employees so that their employees would provide lawful and constitutionally compliant services to the citizens of the County of Ventura.

65.     Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, had a duty not to use excessive force in detaining plaintiff KLEIMAN.

66.     In addition, once plaintiff KLEIMAN suffered injuries, Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 had a duty to properly examine plaintiff for injuries, get medical attention and care to plaintiff, and document all injuries that may have occurred during plaintiff's detention.

67.     Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 further had a duty to make a truthful report regarding the incident and document plaintiff's injuries.

### B. Breach of Duty.

Law Office Of
Jane Paciowich, APLC
771 Daily Dir, Ste. 150.
Camarillo, CA 93011
Tel. (805) 987-4975

COMPLAINT                                                                   CASE NO:

68.   Defendants COUNTY and VCSO failed to adopt policies and guidelines for lawful seizure of elderly persons, thereby failing to exercise ordinary care in the hiring, training, instructing, and supervising of their employees so that these employees would conduct themselves in the course and scope of their employment in a reasonable and safe manner.

69.   On or about July 22, 2011, Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, failed to exercise reasonable care when they unlawfully seized and detained plaintiff KLEIMAN. Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 negligently failed to use objectively reasonable force on plaintiff KLEIMAN when seizing and detaining her.

70.   Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 failed to properly examine plaintiff KLEIMAN and get her immediate care at the time of the incident so as to discover that her arm had been severely damaged. Defendants also failed to adequately document and report the incident.

71.   Plaintiff is informed and believes, and based thereon alleges, that defendants, and each of them, violated their mandatory reporting duties as set forth in *Welfare & Institutions Code* section 15630.

72.   Specifically, defendants' conduct as set forth in the preceding allegations, constituted neglect as defined in *Welfare & Institutions Code* section 15610.57, in that defendants engaged in a flagrant pattern of disregard for plaintiff KLEIMAN's right to care that a reasonable person in a like position would exercise and his right be protected from safety hazards.

73.   Defendants were guilty of recklessness and malice when their personnel acted with willful and conscious disregard for the rights and safety of plaintiff KLEIMAN.

74.   Plaintiff KLEIMAN is informed and believes, and based thereon alleges, that defendants, and each of them, engaged in an ongoing pattern of regulatory violations. In light of the actual notice to defendants, and each of them, the conduct of defendants in causing injury to plaintiff KLEIMAN constitutes

-21-

COMPLAINT                                                      CASE NO:

reckless neglect and actual and implied malice as those terms are defined in *Welfare & Institutions Code* section 15610, *et seq.*

### C. Causation.

75.    As a direct and proximate result of the negligence of defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, in failing to lawfully seize and detain plaintiff KLEIMAN and exercise reasonable force on plaintiff, plaintiff suffered severe injuries.  The conduct of defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, caused the injuries and damages described below.

76.    Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 negligent control of plaintiff KLEIMAN while she was in their custody caused plaintiff severe injuries.

77.    Defendants COUNTY and VCSO's failure to provide Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50  with specialized instruction regarding the safety precautions that were required for the unique needs of elderly detainees proximately caused plaintiff KLEIMAN to suffer injuries.

### D. Damages.

78.    As a proximate result of the conduct of defendants, plaintiff KLEIMAN was hurt and injured in her health, strength, and activity, suffering and sustaining physical injury to her arm.  The fracture of her arm has caused, and continues to cause, plaintiff KLEIMAN physical, mental, and nervous pain and suffering, including, but not limited to, weakness, and permanent damage.  As a result of these injuries, plaintiff KLEIMAN has suffered general damages in an amount according to proof.

79.    Each of these injuries has caused, and continues to cause, plaintiff KLEIMAN physical, mental, and nervous pain and suffering.  As a result of these injuries, plaintiff KLEIMAN has suffered general and economic damages in an amount according to proof.

Law Office of
Gary Fadlowick, APLO
771 Daily Dr, Ste. 230.
Camarillo, CA 93011
Tel. (805) 987-4973

COMPLAINT                                                                                          CASE NO:

80.     As a further proximate result of the defendants' conduct, plaintiff KLEIMAN has incurred, and will continue to incur, medical and related expenses in an amount according to proof.

81.     Under California *Welfare & Institutions Code* section 15657(a), defendants are liable to plaintiff KLEIMAN for reasonable attorney's fees and costs upon defendants' foregoing neglect of plaintiff KLEIMAN committed with recklessness and malice.

**SEVENTH CLAIM FOR RELIEF BY PLAINTIFF MELODIE KLEIMAN FOR NEGLIGENCE *PER SE* (VIOLATION OF THE ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT / RECKLESS CUSTODIAL NEGLECT [*Welfare & Institution Code* §§ 15600, et seq])**

**AGAINST DEFENDANTS LAUBACHER, RODRIGUEZ and DOES 1 through 50**

82.     Plaintiff KLEIMAN realleges and incorporates herein by reference all paragraphs in this complaint, as though fully set forth in this Cause of Action.

**A. Duty**

83.     Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, had a duty not to use excessive force in detaining plaintiff KLEIMAN.

84.     In addition, once plaintiff KLEIMAN suffered injuries, Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 had a duty to properly examine plaintiff for injuries and obtain immediate medical care and document all injuries that may have occurred during plaintiff's detention.

85.     Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 further had a duty to make a truthful report regarding the incident and document plaintiff's injuries.

**B. Breach of Duty.**

86.     On or about July 22, 2011, Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, failed to exercise reasonable care when they failed to lawfully seize and detain plaintiff KLEIMAN. Defendants LAUBACHER,

-23-

LAW OFFICE OF
JANE PAGHDOWOS, APLC
771 DAILY DR, STE. 131.
CAMARILLO, CA  93012
TEL. (805) 987-4975

RODRIGUEZ and DOES 1 through 50 negligently failed to use objectively reasonable force on plaintiff KLEIMAN when seizing and detaining her.

87.   Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 failed to properly examine plaintiff KLEIMAN at the time of the accident so as to discover that her arm had been severely damaged.   Defendants also failed to adequately document and report the incident.

88.   Plaintiff is informed and believes, and based thereon alleges, that defendants, and each of them, violated their mandatory reporting duties as set forth in *Welfare & Institutions Code* section 15630.

89.   Specifically, defendants' conduct as set forth in the preceding allegations, constituted neglect as defined in *Welfare & Institutions Code* section 15610.57, in that defendants engaged in a flagrant pattern of disregard for plaintiff KLEIMAN's right to care that a reasonable person in a like position would exercise and his right be protected from safety hazards.

90.   Defendants were guilty of recklessness and malice when they acted with willful and conscious disregard for the rights and safety of plaintiff KLEIMAN.

91.   Plaintiff KLEIMAN is informed and believes, and based thereon alleges, that defendants, and each of them, engaged in an ongoing pattern of regulatory violations. In light of the actual notice to defendants, and each of them, the conduct of defendants in causing injury to plaintiff KLEIMAN constitutes reckless neglect and actual and implied malice as those terms are defined in *Welfare & Institutions Code* section 15610, *et seq.*

### C. Causation.

92.   As a direct and proximate result of the negligence of defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, in failing to lawfully seize and detain plaintiff KLEIMAN and exercise reasonable force on plaintiff, plaintiff suffered severe injuries.  The conduct of defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50, caused the injuries and damages described below.

-24-

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 130,
CAMARILLO, CA   93011
TEL. (805) 987-4975

93.     Defendants LAUBACHER, RODRIGUEZ and DOES 1 through 50 negligent control of plaintiff KLEIMAN while she was in their custody caused plaintiff severe injuries.

### D. Damages.

94.     As a proximate result of the conduct of defendants, plaintiff KLEIMAN was hurt and injured in her health, strength, and activity, suffering and sustaining physical injury to her arm.  The fracture of her arm has caused, and continues to cause, plaintiff KLEIMAN physical, mental, and nervous pain and suffering, including, but not limited to, weakness, and permanent damage.  As a result of these injuries, plaintiff KLEIMAN has suffered general damages in an amount according to proof.

95.     Each of these injuries has caused, and continues to cause, plaintiff KLEIMAN physical, mental, and nervous pain and suffering.  As a result of these injuries, plaintiff KLEIMAN has suffered general and economic damages in an amount according to proof.

96.     As a further proximate result of the defendants' conduct, plaintiff KLEIMAN has incurred, and will continue to incur, medical and related expenses in an amount according to proof.

**WHEREFORE**, Plaintiff Melodie Kleiman prays for judgment against defendants and each of them, and DOES 1 through 50 jointly and severally, as described in the Claims for Relief Actions set forth above, as Defendants as follows:

1.      For general damages according to proof;

2.      For special damages according to proof;

3.      For interest on all sums as allowed by law;

4.      For punitive damages against individual defendants in an amount to be determined at trial;

Law Office Of
Lars Paglowski, APLC
771 Daily Dr, Ste. 230.
Camarillo, CA  93012
Tel. (805) 987-4975

COMPLAINT                                                                                           CASE NO:

5.    For attorney's fees incurred by Plaintiff pursuant to 42 U.S.C. Section 1988, California *Welfare & Institutions Code* section 15657(a), and California *Code of Civil Procedure* Section 1021.5;

6.    For an award against Defendants and in favor of Plaintiff of all costs incurred herein by Plaintiff; and

7.    For such other and further relief as the Court deems just and proper.


Dated: July 11, 2012          LAW OFFICES OF MARK PACHOWICZ


                              By _____
                                      Mark Pachowicz
                                    Attorney for Plaintiff
                                    MELODIE KLEIMAN

COMPLAINT                                              CASE NO:

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230.
CAMARILLO, CA  93010
TEL. (805) 967-4977

1

## DEMAND FOR JURY TRIAL

2

3     Plaintiff hereby demands a trial by jury of all issues properly triable by jury.

4

5     Dated: July 11, 2012              LAW OFFICES OF MARK PACHOWICZ

6

7                                   By

8                                         Mark Pachowicz
9                                         Attorney for Plaintiff
                                          MELODIE KLEIMAN
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 130.
CAMARILLO, CA  93010
TEL. (805) 987-4975

COMPLAINT                                                    CASE NO:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

.

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 5979 R (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Mark Pachowicz, Lanny Tron
Law Offices of Mark Pachowicz, APLC
771 E. Daily Dr., Ste. 230
Camarillo, CA 93010
805-987-4975

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MELODIE KLEIMAN, individually

PLAINTIFF(S)

v.

COUNTY OF VENTURA, a municipal corporation;
VENTURA COUNTY SHERIFF'S OFFICE, a public entity;
GEOFF DEAN, individually and in his capacity as Sheriff of
the Ventura County Sheriff's Office; HARRY LAUBACHER, individually
and in his capacity as a Deputy Sheriff of the Ventura County
Sheriff's Office; P. RODRIGUEZ, individually and in his capacity
as a Deputy Sheriff of the Ventura County Sheriff's Office; and DOES 1 through 50, inclusive, DEFENDANT(S)

CASE NUMBER

**CV12-5979-R (Sx/y)**

SUMMONS

BY FAX

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Mark Pachowicz, Lanny Tron _____, whose address is 771 E. Daily Dr., Ste. 230, Camarillo, CA 93010 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: July 11, 2012

By:  **MARILYN DAV____**
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**COPY**

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| MELODIE KLEIMAN, individually | COUNTY OF VENTURA, a municipal corporation; VENTURA COUNTY SHERIFF'S OFFICE, a public entity; GEOFF DEAN, individually and in his capacity as Sheriff of the Ventura County Sheriff's Office; HARRY LAUBACHER, individually and in his capacity as a Deputy Sheriff of the Ventura County Sheriff's Office; P. RODRIGUEZ, individually and in his capacity as a Deputy Sheriff of the Ventura County Sheriff's Office; and DOES 1 through 50, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Mark Pachowicz, Lanny Tron<br>Law Offices of Mark Pachowicz, APLC<br>771 E. Daily Drive, Suite 230, Camarillo, CA 93010 | BY FAX |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes   ☒ No          □ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 33 1983 and 1988

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY / TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | IMMIGRATION | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 463 Habeas Corpus-Alien Detainee | ☒ 440 Other Civil Rights | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 465 Other Immigration Actions | | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**CV12-5979**

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s):

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Melodie Kleiman-Ventura County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):                              Date  July 11, 2012

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |